UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHARON M. GORENFLO,                         No. 5:08-CV-346 (DNH) (GJD)

           Plaintiff,

    v.

PENSKE LOGISTICS; MARK COLE;
BARBARA MILETICS; THOMAS QUINN;
THE BAKERY, CONFECTIONERY,
TOBACCO WORKERS'S & GRAIN
MILLERS INTERNATIONAL UNION, AFL-
CIO LOCAL 50; JOSEPH SVINGALA; and
MICHAEL HITCHCOCK

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

O'HARA, O'CONNELL & CIOTOLI                 TIMOTHY A. COLLINS, ESQ.
Attorneys for Plaintiff                     STEPHEN CIOTOLI, ESQ.
7207 East Genesse Street
Fayetteville, New York 13066

FLASTER GREENBERG, P.C.                     ALEXIS K. ARENA, ESQ.
Attorneys for Defendants Penske Logistics,  MICHAEL D. HOMANS, ESQ.
Mark Cole, Barbara Miletics, and Thomas Quinn   DARREN HEATH GOLDSTEIN, ESQ.
Flaster, Greenberg Law Firm
Philadelphia, Pennsylvania 19103

LEWIS, GREENWALD, CLIFTON &                 DANIEL E. CLIFTON, ESQ.
NIKOLAIDIS, P.C.
Attorney for Defendants The Bakery,
Confectionery, Tobacco Worker's & Grain
Millers International Union, AFL-CIO Local 50;
Joseph Svingala, and Michael Hitchcock
275 Seventh Avenue, Suite 2300
New York, New York 10001-6708

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

I. **INTRODUCTION**

Plaintiff Sharon Gorenflo ("plaintiff") brings suit pursuant to the Labor Management Relations Act ("LMRA"), § 301, as amended 29 U.S.C. § 185, against the following defendants: Penske Logistics, LLC ("Penske"); Mark Cole, Logistics Center manager for Penske; Barbara Miletics, Human Resources Representative for Penske; Thomas Quinn, a commercial truck driver employed at the same facility as was plaintiff; Bakery, Confectionery, Tobacco Workers and Grain Millers International Union (the "Union"); Joseph Svingala, the Union's Vice President; and Michael Hitchcock, New York area representative for the Union. Plaintiff additionally asserts in her complaint that her claims are also brought pursuant to 42 U.S.C. §§ 1981 and 1983. Because plaintiff has not pled any allegations of racial discrimination or action under color of law, plaintiff's suit will be converted to a LMRA claim *sua sponte*, and her §§ 1981 and 1983 claims will be dismissed to the extent they are asserted.

Plaintiff asserts three causes of action in her complaint. First, plaintiff alleges breach of contract against defendants Penske and the Union for disciplining and eventually terminating her without just cause in violation of the Collective Bargaining Agreement (the "CBA") between the Union and Penske. Second, plaintiff brings a breach of contract claim for the wrongful termination of employment without just cause in violation of the CBA against all defendants. Third, plaintiff alleges defendants Svingala, Hitchcock, and the Union breached their duty of fair representation owed pursuant to the CBA.

Defendants Penske, Cole, Miletics, and Quinn (hereinafter referred to collectively as "defendants") move to dismiss all claims against them pursuant to Federal Rule of Civil

Procedure 12(b)(6).  Defendants contend that New York State's election of remedies doctrine bars plaintiff from bringing her suit in federal court because she previously filed a complaint before the New York State Division of Human Rights.  Alternatively, defendants Cole, Miletics, and Quinn argue that the claims against them must be dismissed because they were not signatories to the CBA, and in any event, plaintiff failed to make timely service upon them within 120 days of the filing of her complaint as required by the Federal Rules of Civil Procedure.  Plaintiff opposes defendants' motion.  Defendants Svingala, Hitchcock, and the Union have not filed motions in relation to plaintiff's claims.  Accordingly, plaintiff's third cause of action is not presently at issue.

Oral argument was heard on November 21, 2008.  Decision was reserved.

## II.  BACKGROUND

Plaintiff was employed as a Commercial Driver's License-Class A ("CDLA") truck driver for Penske from April 2, 2006 until her termination on March 1, 2008.  During that time, plaintiff was the only gay female CDLA truck driver within the company.  Plaintiff alleges she was subject to repeated acts of discrimination and harassment as a result of her gender and sexual orientation upon her assignment to the delivery route for George Weston Bakeries ("Weston) in October of 2006.

On September 12, 2007, plaintiff was suspended for ten days without pay after being accused of misconduct.  The nature of the accusations changed several times, and plaintiff immediately filed a union grievance challenging the suspension.  The accusations were later found to be unsubstantiated, and plaintiff was told she would be paid five days back pay for the ten day suspension.  In response, plaintiff informed her Union that she wished to arbitrate her grievance so that she be paid for each of the ten days she was

suspended. Plaintiff alleges the Union refused to proceed to arbitration and ordered her to sign a statement indicating her agreement to be paid for only five days back pay. Plaintiff refused to sign any statement.

On October 11, 2007, plaintiff met with Investigator Robert Ferry of the New York State Division of Human Rights (the "DHR") to discuss the filing of a complaint for the remaining five days of pay and other workplace related issues. On January 10, 2008, plaintiff was disciplined as a result of allegations made by Weston employees that she drove her tractor-trailer without hooking up her safety lights and left the loading door to Weston's facility unlocked. Plaintiff alleges her possession of the Weston door key at the time in question demonstrates it was physically impossible for her to leave the door unlocked as the door's unique locking mechanism requires her to re-lock the door before the key may be removed. Plaintiff also challenges the accusation as to her safety lights because the witness admits he cannot identify her. After plaintiff learned that Penske would not dismiss the disciplinary charges and that such charges could form a basis for her termination, she filed another grievance with her Union challenging the charges.

On January 24, 2008, plaintiff received a follow-up letter as a final warning that further customer dissatisfaction with her performance would result in her immediate termination. On February 28, 2008, plaintiff was again informed that Weston was dissatisfied with her performance. Plaintiff alleges she was never provided with a reason for Weston's dissatisfaction. As noted above, she was terminated on March 1, 2008.

On March 26, 2008, plaintiff filed a complaint with the DHR alleging unlawful discrimination and a hostile work environment in violation of the New York Human Rights Law and breach of the duty of fair representation owed by plaintiff's Union pursuant to the

CBA.  Plaintiff named the same defendants in her DHR complaint as are named in her federal suit with exception to Weston and Weston's Distribution Manager, Christopher Corlyon, who were named only in plaintiff's DHR complaint.

## III. DISCUSSION

### A. Motion to Dismiss Pursuant to Rule 12(b)(6)

The allegations in the complaint are accepted as true when considering a motion to dismiss pursuant to Federal Rule of Civil Prcoedure 12(b)(6). See Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998).  The often quoted language of Conley v. Gibson explains that a cause of action will be dismissed for failure to state a claim only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957).  Recently, the Supreme Court warned against the literal interpretation of the phrase, "no set of facts," and explained that while the Court "do[es] not require heightened fact pleading of specifics," the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 500 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007).

### B. The Effect of Plaintiff's Previously Filed DHR Claim

Defendants argue that plaintiff is barred from proceeding with her claim in federal court because she previously filed a complaint with the DHR arising out of the same factual allegations against the same parties.  New York Executive Law § 300 states, in relevant part:

> [A]s to acts declared unlawful by [the Human Rights Law], the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned.  If such individual institutes any action based on such grievance without resorting to the procedure provided in this article, he or she may not subsequently resort to the procedure herein.

N.Y. Exec. Law § 300 (McKinney 2008).  Additionally, section 297(9) provides:

> [A]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person had filed a complaint hereunder or with any local commission on human rights . . . , provided that, where the division has dismissed such complaint on the grounds of administrative convenience, on the grounds of untimeliness, or on the grounds that the election of remedies is annulled, such person shall maintain all rights to bring suit as if no complaint had been filed with the division.

N.Y. Exec. Law § 297(9) (McKinney 2008).

Defendants cite Carroll v. United Parcel Service, No. 00-7037, 2000 WL 1185583 (2d Cir. 2000) (summary order), in support of their argument that plaintiff's instant claims are barred because they arise from the same allegations of discrimination that are asserted in her DHR claim.  The plaintiff in Carroll had filed a DHR complaint alleging unlawful discrimination and later filed a suit in state court alleging unlawful retaliation under the Human Rights Law. Id. at *1-2.  The suit was removed to federal court and dismissed on the grounds that it was barred by the election of remedies doctrine statutorily created under §§ 297(9) and 300 of the New York Executive Law. See id. at *2.  In consideration of whether the plaintiff's claims were properly dismissed, the Second Circuit affirmed the dismissal of the plaintiff's suit and explained that a "claimant cannot avoid the jurisdictional bar presented by § 297(9) by merely adding additional elements of damage arising out of the same underlying conduct or by changing his legal theory." Id. at *3 (quoting Bhagalia v. State, 644 N.Y.S.2d 398, 399 (1996)).

The controlling question is "whether a sufficient identity of issue exists between the complaint before the division [of human rights] and the instant claim." Carroll, 2000 WL 1185583, at *3 (quoting Spoon v. Am. Agriculturalist, Inc., 478 N.Y.S.2d 174, 175 (1984)). Defendants argue that plaintiff's claims arise from the same factual allegations, thereby

involving the same legal issues and requiring dismissal pursuant to the election of remedies doctrine. Plaintiff responds by arguing that her claims necessarily involve different legal issues than the claims made in her DHR complaint because her federal court claims are based upon alleged breaches of the CBA rather than violations of the Human Rights Law. Accordingly, consideration of defendants' motion requires a comparison of plaintiff's DHR claim and the claims now asserted in federal court.

In her <u>First</u> cause of action, plaintiff alleges that defendants Penske and the Union are liable under a breach of contract theory because they suspended her without setting forth the specific reasons for the suspension in writing as required by the CBA. <u>See</u> Pl's. Compl., Dkt. No. 1, ¶¶ 56, 60. Similarly, although she labeled her <u>Second</u> cause of action as a claim "for wrongful termination of employment" in the subheading, plaintiff again asserts a breach of contract claim and alleges that defendants terminated her employment without just cause as required by the CBA. <u>See</u> Pl's. Compl., Dkt. No. 1, ¶¶ 77-78. Finally, plaintiff alleges in her <u>Third</u> cause of action that the Union breached its duty to provide plaintiff with fair and adequate representation by failing to investigate plaintiff's grievance filed with the Union.

In contrast, plaintiff's DHR claims allege unlawful discrimination and a hostile work environment in violation of the New York Human Rights Law. Although some of the same conduct alleged in plaintiff's DHR complaint is also alleged in her federal complaint, plaintiff states clearly in her DHR complaint that the acts of harassment and discrimination, as opposed to violations of the CBA, are the subject of her claim before the DHR. <u>See</u> Pl's. DHR Compl., Defs.' Ex. B, Dkt. No. 20-5, ¶ 25. Despite making limited references to several provisions of the CBA, plaintiff's DHR complaint never alleges defendants breached the

CBA. The only instance in which defendants argue plaintiff alleges a violation of the CBA in her DHR complaint is in paragraph 72 of the complaint in which she states: "Penske failed in his [sic] responsibility pursuant to its old [sic] self adopted policies, to provide Claimant with a workplace and [sic] free from a [sic] sexual discrimination, and to take action against its employees subsequent to their engaging in acts of sexual discrimination and harassment. See id. at ¶ 72. Unlike the allegations made in plaintiff's federal complaint, this assertion does not state a breach of the CBA for failure to provide written notice of specific reasons for plaintiff's suspension or for termination without just cause. Rather, the assertion is a general allegation of discrimination and harassment that is consistent with the DHR complaint in its entirety.

       This is not a case where the plaintiff has first alleged unlawful discrimination before a state agency only to then soon afterwards take another "bite of the apple" by alleging unlawful discrimination in violation of the employment contract. It is significant that the CBA between Penske and the Union prohibits unlawful discrimination, yet plaintiff's federal court lawsuit does not assert a breach of contract based upon the contractual protection against unlawful discrimination. Instead, plaintiff's allegations in federal court consist of the failure to provide written, specific reasons for her suspension and insufficient grounds for her eventual termination. Although some of the underlying conduct alleged in plaintiff's DHR complaint may serve as supportive evidence for her claim in federal court, the thrust of plaintiff's federal complaint is not dependent upon her showing that defendants violated the Human Rights Law. In any event, such a limited and remote mention of Penske's "self adopted policies" in paragraph 72 of plaintiff's DHR complaint cannot transform plaintiff's allegations

of unlawful discrimination and harassment pursuant to the New York Human Rights Law into a breach of contract claim alleging violations of the CBA between Penske and the Union.

Defendants even appear to concede that plaintiff's federal complaint "makes clear that her 'breach of contract' claim against Penske is dependent upon an analysis of the CBA's terms. . . . The Complaint repeatedly quotes the CBA's terms and requirements and alleges that Penske violated those terms." Defs.' Mem. of Law in Supp. Mot. to Dismiss, Dkt. No. 20-2, 6 (citing Pl's. Compl., Dkt. No. 1, ¶¶ 54-60, 66-67). In contrast, plaintiff's DHR complaint is not "dependent upon an analysis of the CBA's terms" in any manner. As the pleadings make clear, the issue presented with respect to plaintiff's federal court suit is whether defendants provided adequate written notice of the specific reasons for her suspension and whether they had just cause for eventually terminating plaintiff, whereas plaintiff's DHR complaint calls for an interpretation of defendants' conduct as applied to the New York Human Rights Law. The two complaints therefore do not implicate a sufficient identity of issues, particularly as defendants may very well be proven to have breached the CBA without there being any showing that defendants violated New York's Human Rights Law.

Defendants also argue for the dismissal of plaintiff's federal suit because both the federal complaint and DHR complaint assert a cause of action against the Union, Svingala, and Hitchcock for breach of the duty of fair representation. Defs' Reply, Dkt. No. 31, 3. As already mentioned, however, plaintiff's claim for breach of the duty of fair representation is not presently at issue because the parties against whom that claim is asserted have not filed a motion to dismiss the claim. Therefore, because the moving defendants are not named in plaintiff's claim for breach of the duty of fair representation, their argument with respect to

plaintiff's simultaneous pleading of the claim will not be further considered.[1]

### C. Claims Against Individual Defendants

To the extent plaintiff's breach of contract claim for termination without just cause is asserted against them individually, defendants Cole, Miletics, and Quinn argue for dismissal on the grounds that the Labor Management Relations Act ("LMRA"), § 301, as amended 29 U.S.C. § 185, bars such claims against individual defendants who were not signatories to the collective bargaining agreement at issue.[2]  Although the LMRA provides for federal jurisdiction of suits arising from alleged breaches of collective bargaining agreements between labor unions and employers, see 29 U.S.C. § 185(a), LMRA claims may not be asserted against parties that are not signatories to the collective bargaining agreement. Cruz v. Robert Abbey, Inc., 778 F. Supp. 605, 610 (E.D.N.Y. 1991); Spielmann v. Anchor Motor Freight, Inc., 551 F. Supp. 817, 820 n.2 (S.D.N.Y. 1982) ("Individual employees cannot be made defendant parties to a cause of action for breach of contract under LMRA § 301." (citing Atkinson v. Sinclair Refining Co., 370 U.S. 238, 249, 82 S. Ct. 1318, 1325 (1962))); see also Tuvia Convalescent Ctr., Inc. v. Nat'l Union of Hosp. and Health Care Employees,

---

[1] Although defendants never themselves raise the issue of plaintiff's standing to bring suit for breach of the CBA, plaintiff must first exhaust her grievance and arbitration procedures established by the CBA before suing for breach of contract. See Republic Steel Corp. v. Maddox, 379 U.S. 650, 652, 85 S. Ct. 614, 616 (1965).  Even after attempting to exhaust one's contractual remedies, "the employee must afford the union the opportunity to act on his behalf" when seeking to enforce a contract between an employer and the employee's union. Id. at 653, 85 S. Ct. at 616.  In this case, plaintiff has standing to sue defendants because she has attempted to exhaust her contractual remedies and she alleges the Union failed to fulfill its duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 185-86, 87 S. Ct. 903, 914 (1967) (holding an employee may seek judicial enforcement of her contractual rights if her union has the exclusive right to follow through with the employee's grievance and if the employee alleges she has been prevented from exhausting her contractual remedies because of the union's breach of the duty of fair representation).

[2] Defendants failed to assert this argument in their initial motion papers.  Instead, defendants belatedly and for the first time contend in their reply to plaintiff's opposition to their motion that non-signatories may not be sued for breach of contract under the LMRA.  Although, theoretically, the argument was improperly submitted, plaintiff's claims against the non-signatories to the CBA will be dismissed *sua sponte* because the legal precedent for this issue is clear.

717 F.2d 726, 730-31 (2d Cir. 1983) (barring a LMRA claim asserted against individual union members). Plaintiff does not allege or otherwise argue that any of the individual named defendants were signatories to the CBA. Therefore, plaintiff's claims against individual defendants Cole, Miletics, and Quinn in the Second cause of action will be dismissed.

Plaintiff asserts the same breach of contract claim for termination without just cause against all of the defendants, including individual defendants Svingala and Hitchcock. As with defendants Cole, Miletics, and Quinn, plaintiff does not allege that defendants Svingala and Hitchcock were signatories to the CBA between the Union and Penske. Therefore, although they have not moved to dismiss the breach of contract claim asserted against them, since the law is clear, plaintiff's claim against defendants Svingala and Hitchcock in the Second case of action will also be dismissed *sua sponte*.

### D. The Timeliness of Service

The dismissal of plaintiff's claim against defendants Cole, Miletics, and Quinn on the grounds that they were not signatories to the CBA renders any issue concerning the timeliness of service upon these defendants moot.

## IV. CONCLUSION

Accepting all of plaintiff's allegations as true, she has pleaded a claim upon which she may be granted relief. The prior filing of plaintiff's DHR complaint does not bar her federal lawsuit brought pursuant to the LMRA because there is an insufficient identity of issues raised between both complaints. Plaintiff's federal lawsuit requires consideration of whether defendants breached the terms of the CBA by failing to provide written, specific reasons for her suspension and whether there was sufficient cause for her termination, whereas plaintiff's DHR complaint asks whether defendants engaged in unlawful

discrimination and harassment pursuant to the New York Human Rights Law.  While there may be some overlap as to various factual allegations, the two separate actions are sufficiently distinct to avoid the jurisdictional bar established by the election of remedies doctrine.

To the extent plaintiff's breach of contract claim for termination without just cause is asserted against individual defendants Cole, Miletics, Quinn, Svingala, and Hitchcock, plaintiff has not stated a claim upon which she may be granted relief.  Plaintiff does not contend that any of these defendants are signatories to the CBA.  Therefore, her claims for breach of contract against these defendants will be dismissed.

Finally, plaintiff has not stated any viable claim pursuant to 42 U.S.C. §§ 1981 or 1983.  Therefore, plaintiff's claim is converted *sua sponte* to an action under the LMRA exclusively, and her §§ 1981 and 1983 claims are dismissed to the extent they were asserted.

Therefore, it is

ORDERED that

1.  Defendants' motion to dismiss plaintiff's claims (First and Second Causes of Actions) against defendant Penske is DENIED.

2.  Defendants' motion to dismiss plaintiff's claim (Second Cause of Action) against defendants Cole, Miletics, and Quinn is GRANTED.

3.  The complaint against defendants Cole, Miletics, and Quinn is DISMISSED.

4.  Plaintiff's claim (Second Cause of Action) against defendants Svingala and Hitchcock is DISMISSED.

5.  Plaintiff's claims pursuant to 42 U.S.C. §§ 1981 and 1983 are DISMISSED, and

6. Defendant Penske shall file and serve an answer to the complaint on or before January 16, 2009.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 8, 2009
        Utica, New York.