UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SHARON M. GORENFLO,                              No. 5:08-CV-346 (DNH) (GJD)

             Plaintiff,

    v.

PENSKE LOGISTICS; MARK COLE;
BARBARA MILETICS; THOMAS QUINN;
THE BAKERY, CONFECTIONERY,
TOBACCO WORKERS'S & GRAIN
MILLERS INTERNATIONAL UNION, AFL-
CIO LOCAL 50; JOSEPH SVINGALA; and
MICHAEL HITCHCOCK

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                     OF COUNSEL:

O'HARA, O'CONNELL & CIOTOLI                      TIMOTHY A. COLLINS, ESQ.
Attorneys for Plaintiff                          STEPHEN CIOTOLI, ESQ.
7207 East Genesse Street
Fayetteville, New York 13066

FLASTER GREENBERG, P.C.                          ALEXIS K. ARENA, ESQ.
Attorneys for Defendants Penske Logistics,       MICHAEL D. HOMANS, ESQ.
Mark Cole, Barbara Miletics, and Thomas Quinn    DARREN HEATH GOLDSTEIN, ESQ.
Flaster, Greenberg Law Firm
Philadelphia, Pennsylvania 19103

LEWIS, GREENWALD, CLIFTON &                      DANIEL E. CLIFTON, ESQ.
NIKOLAIDIS, P.C.
Attorney for Defendants The Bakery,
Confectionery, Tobacco Worker's & Grain
Millers International Union, AFL-CIO Local 50;
Joseph Svingala, and Michael Hitchcock
275 Seventh Avenue, Suite 2300
New York, New York 10001-6708

DAVID N. HURD
United States District Judge

**DECISION and ORDER**

I. **DECISION**

Plaintiff Sharon Gorenflo ("plaintiff") filed suit pursuant to the Labor Management Relations Act ("LMRA"), § 301, as amended 29 U.S.C. § 185, against the following defendants: Penske Logistics, LLC ("Penske"); Mark Cole, Logistics Center manager for Penske; Barbara Miletics, Human Resources Representative for Penske; Thomas Quinn, a commercial truck driver employed at the same facility as was plaintiff; Bakery, Confectionery, Tobacco Workers and Grain Millers International Union (the "Union"); Joseph Svingala, the Union's Vice President; and Michael Hitchcock, New York area representative for the Union.

Among plaintiff's causes of action was a claim for breach of contract for wrongful termination of employment without just cause in violation of the Collective Bargaining Agreement (the "CBA") entered into between the Union on her behalf and her employer. Plaintiff asserted this claim against all named defendants, including individual defendants Cole, Miletics, Quinn, Svingala, and Hitchcock. Defendants Cole, Miletics, and Quinn successfully moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that they were not signatories to the CBA. Gorenflo v. Penske Logistics, ___ F. Supp. 2d ___, No. 5:08-CV-346 (DNH) (GJD), 2009 WL 45259, at *5 (N.D.N.Y. Jan. 8, 2009).

Although defendants Svingala and Hitchcock did not move to dismiss the claim on their own accord, plaintiff's breach of contract claim for wrongful termination against each of them was dismissed *sua sponte* under the belief that they too were not signatories to the CBA and because the law is clear as to the non-liability of non-signatories. Id. at *6. Since the dismissal, plaintiff has electronically filed a copy of the CBA and requested

reconsideration of the decision to dismiss her breach of contract claim against defendants Svingala and Hitchcock in light of the fact that both of these defendants were indeed signatories to the agreement. See Pl's. Letter Mot. for Recons., Dkt. No. 35, 32.  Upon reconsideration, it is apparent that dismissal of plaintiff's breach of contract claim for wrongful termination against defendants Svingala and Hitchcock was not warranted.

## II. ORDER

Therefore, it is

ORDERED that

1.  The prior decision to dismiss plaintiff's breach of contract claim for wrongful termination against defendants Svingala and Hitchcock is VACATED, and

2.  Plaintiff's breach of contract claim for wrongful termination against defendants Svingala and Hitchcock is REINSTATED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: January 27, 2009
        Utica, New York.